## Stephen H. Phillips *vs.* Joseph S. Frye.

A married woman having paid debts of her husband, at his request, out of property which came to her from her relations, he afterwards, in consideration thereof, and wishing to secure her therefor, executed a note and mortgage to a trustee for her benefit. After his death, the administrator of his estate paid this note, with notice that the heirs at law disputed its validity. *Held,* that the note was invalid, and that the administrator was not entitled to be allowed, in his account, for paying it.

Appeal by the administrator of the estate of William Frye from a decree of the judge of probate, disallowing in his account the amount of a promissory note for $3000 and interest, made by the deceased under the following circumstances, and paid by the administrator, with notice that the heirs at law disputed its validity.

The wife of the deceased, out of property which came to her from her own relations, paid debts of her husband, at his request, to the amount of about $3000. The husband afterwards, on

the 21st of June 1853, declaring that, in consideration of money which she had paid for him, he thought it right to secure her and wished to secure her by giving a mortgage deed, accordingly made to a trustee for her benefit the note in question, and a mortgage of real estate to secure its payment. The widow is the holder by purchase of all debts of the deceased. The estate is not sufficient to pay all the debts if this note is allowed.

The question whether this item should be allowed in the administrator's account was reserved by *Gray*, J., for the determination of the full court.

*J. A. Gillis*, for the appellant. There is nothing to prevent the settlement of property by a husband upon his wife, provided that the rights of creditors are not injuriously affected. And all that is required is a clear and distinct act on the part of the husband, indicating his intention, and the introduction of a third party to hold the property as trustee of the wife. In the present case, such third party was introduced, and there is no technical objection on the ground that a husband cannot contract with his wife. *Fisk* v. *Cushman*, 6 Cush. 20, and cases cited. *Jackson* v. *Parks*, 10 Cush. 550. *Ingham* v. *White*, 4 Allen, 412. If this transaction was a contract requiring a consideration, the fact that it was a provision for the wife would be sufficient. But there was a further consideration than that. She had paid his debts from her own property, at his request. It does not appear that he had ever reduced this property to possession, or that he had a right to do so. His estate having been thus increased, a meritorious consideration arises, which in equity is sufficient to sustain his contract as against his heirs. *Minturn* v. *Seymour*, 4 Johns. Ch. 500. *Bunn* v. *Winthrop*, 1 Johns. Ch. 337. *Wickes* v. *Clark*, 8 Paige, 161. *Colman* v. *Sarrel*, 1 Ves. Jr. 50. *Pulvertoft* v. *Pulvertoft*, 18 Ves. 98. *Ellison* v. *Ellison*, 6 Ves. 661. Even if the note could not be supported if standing alone, the note and mortgage together constitute an executed contract which equity should enforce. *Bunn* v. *Winthrop*, above cited.

*S. B. Ives, Jr.*, for the appellee.

HOAR, J. It is evident that there was no legal consideration for the note which the administrator has paid, and that it was

never a contract which could be enforced at law against the maker. The facts agreed do not show that the money which the wife received from her relations was her sole and separate property under the statutes relating to married women. Whether it would alter the case, if such had been the fact, we need not consider. Nor does it appear that the husband, when his debts were paid with this money at his request, made any agreement to repay it. It was money which he had a right to reduce to possession, and to use. When his debts were paid with it, it was effectually applied to his use, and no legal or equitable liability was created. When, at a subsequent time, he made the note and mortgage to the trustee for his wife's benefit, it was a purely voluntary act, and had no more the element of legal consideration than if the inducement had been property which he received with his wife at the marriage, or the industry and economy by which she had aided him in acquiring or preserving his estate afterward. He could not have been compelled to pay the note by an action upon it in his lifetime, nor could his administrator after his death.

The note being a mere executory contract, the cases which have been cited in argument, in which an actual transfer of property by a husband to a third person for his wife's benefit, or the transfer to her of a right of action or of property against a third person, have been supported, have no application to the question before us.

An administrator is only required to pay, and only justified in paying, legal demands against the estate which he represents. *Ripley* v. *Sampson*, 10 Pick. 371. This note being without consideration, it was therefore no part of his duty to pay it, and he could not have been compelled to do so by an action at law.

But the appellant takes the ground that if the note was a claim on the estate which could be supported by any proceeding either at law or in equity, and the administrator has paid it in good faith, it ought to be allowed to him. This position, although true to some extent, can hardly be supported without important qualifications. If property comes to an administrator which is the subject of a trust, it would not be assets in his

nands, and might rightfully be appropriated to the uses of the trust. But the court of probate have not general equity jurisdiction, and there may be cases of equitable rights which cannot there be recognized or enforced.

But a decisive answer to the appellant's whole case is this, that there was no claim against him which could be enforced in equity; because a mere meritorious consideration, as a provision for a wife or child, is not recognized by courts of equity as sufficient to require the enforcement of an executory contract.

There are several English cases in which it is said, that to induce a court of equity to lend its aid to enforce a contract, or to supply the defective execution of a deed, there must be a good, " or at least a meritorious " consideration. *Colman* v. *Sarrel*, 1 Ves. Jr. 50. *Ellison* v. *Ellison*, 6 Ves. 661. *Pulvertoft* v. *Pulvertoft*, 18 Ves. 98. But the only case which we find in which it was ever decided that an executory agreement, supported only by a meritorious consideration, would be executed through the interposition of the court, is *Ellis* v. *Nimmo*, Lloyd & Goold, temp. Sugd. 333. Sir Edward Sugden said in that case that he was aware that there was no direct decision in favor of the doctrine; and Lord Plunkett, who afterward affirmed the decision, placed it upon other grounds. The decision of Sir Edward Sugden was afterward doubted by Shadwell, V. C., in *Holloway* v. *Headington*, 8 Sim. 324 ; and its authority has been considered as much impaired by the opinion of Lord Cottenham in *Dillon* v. *Coppin*, 4 Myl. & Cr. 647, and in *Jeffereys* v. *Jeffereys*, Craig & Phil. 138, although perhaps not absolutely inconsistent with it. It is not followed in the modern cases, or approved by the text writers. In *Voyle* v. *Hughes*, 2 Smale & Gif. 30, Vice Chancellor Stuart says that a right resting merely on contract requires a valuable consideration to induce a court of equity to interfere.

In the United States, while the language of Lord Eldon in *Ellison* v. *Ellison* has sometimes been quoted in support of the proposition that a meritorious consideration is sufficient, the decisions would seem to confine the application of the rule to covenants under seal, which in themselves import a consideration

They are collected in the note to *Ellison* v. *Ellison*, 1 White & Tudor's Lead. Cas. in Eq. (Amer. ed.) 199. In *Stone* v. *Hackett* 12 Gray, 227, it is said that "it is certainly true that a court of equity will lend no assistance towards perfecting a voluntary contract or agreement for the creation of a trust, nor regard it as binding so long as it remains executory."

The case of *Turner* v. *Nye*, 7 Allen, 176, differs from the case at bar in the material circumstance that the promissory notes were there made by the husband directly to the wife. But the opinion of the court reviews the whole grounds upon which conveyances of property by a husband for the benefit of a wife can be supported in equity, including the consideration of what will constitute a valid declaration of trust in her favor ; and it gives no countenance to the proposition that a promissory note which is a mere *nudum pactum* at law, can be upheld in equity as a transfer of property, or as creating a trust in the promisor.

*Decree of the judge of probate affirmed.*